IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV2 |
| | ) | |
| V. | ) | |
| | ) | |
| NATIONAL SECURITY | ) | **MEMORANDUM AND ORDER** |
| AGENCY/CSS CENTRAL | ) | |
| SECURITY SERVICE, NSA, | ) | |
| FEDERAL BUREAU OF | ) | |
| LNVESTIGATION, FBI, CENTRAL | ) | |
| INTELLIGENCE AGENCY, CIA, | ) | |
| WAGE ON HOUR DIVISION, | ) | |
| WHD, UNITED LAUNCH | ) | |
| ALLIANCE, ULA, and NATIONAL | ) | |
| RECONNAISSANCE OFFICE, | ) | |
| NRO, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 4, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts and initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 4, 2016, naming as defendants: (1) "National Security Agency/CSS Central Security Service;" (2) Federal Bureau of Investigation; (3) Central Intelligence Agency; (4) "Wage on Hour Division;" (5) United Launch Alliance; and (6) National Reconnaissance Office. Plaintiff's allegations are nonsensical. Plaintiff alleges, in pertinent part:

> The FBI/CIA/NSA/CSS spy agencies are violating the U.S. Constitution that protects the civilians of the nation. I have been included in the 'covert action programs' by these U.S. agencies. I have noticed the phone tapping; and computer spying . . . While I lived in San Francisco, California I was displaced because of the additional electrical devices used to electrically surveillance my activity daily. I experienced electromagnetic assaults and gang stalking.

(Filing No. 1 at CM/ECF p. 2.) Plaintiff also alleges, among other things, that he had money stolen from his bank account and that the "covert action programs" have prevented him from obtaining permanent employment. (Filing No. 1 at CM/ECF p. 3.) Plaintiff also references a claim for employment discrimination. (Filing No. 1 at CM/ECF p. 6.) As relief Plaintiff seeks: "Declaratory and Injunctive relief. Dismiss cases with all agencies with prejudice. Order to release and return money stolen by these agencies. Stop unwanted harassment." (*Id*.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are nonsensical. The allegations that the court can decipher do not nudge any claim across the line from conceivable to plausible. In short, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Because Plaintiff's claims are nonsensical, the court finds that it would be fruitless for the court to order Plaintiff to file an amended complaint. This matter is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge